HARDY, Judge.
This suit was instituted in the name of the State of Louisiana upon the relation of a number of named residents and voters of the City of Monroe, Ouachita Parish, Louisiana. Relators prayed for the issuance of alternative writs of mandamus directed to the Honorable Albin P. Lassiter, District Attorney of the Fourth Judicial District in and for Ouachita Parish, commanding him
“to bring and institute an action of usurpation and intrusion and of unlawful holding of the office of Mayor of the City of Monroe, Ouachita Parish, State of Louisiana.”
The individual named as the
“intruder, usurper and unlawful holder of the office of Mayor”
is Honorable W. L. (Jack) Howard.
To relators’ petition the respondent District Attorney interposed an exception of no cause and no right of action and pleas of lis pendens and unconstitutionality. The district judge sustained the exception of no right and no cause of action and dismissed relators’ application, from which judgment they prosecute this appeal.
The basis of relators’ action is specifically set forth in their petition as follows:
“Act 623 of 1954, Section 14 (Now [LSA-] R.S. 14:379) in part provides that no person shall become a candidate nor shall be certified by any political party as a candidate for election to any public office created by the Constitution or laws of this State, unless such candidate of certification by the political party shall have attached to the qualifying papers a sworn affidavit that the candidate is not and never has been a subversice (sic) person as defined in this Act, and no qualification of candidates shall be received for filing ‘by the officer aforesaid’ unless the same shall be accompanied by the affidavit aforesaid and there shall not be entered upon any ballot or voting machine at any election the name of any person who has failed or refused to make the affidavit as required above.”
Relators alleged that W. L. Howard was, at the time of the institution of this suit, unlawfully holding office and exercising the duties of Mayor of the City of Monroe, despite the fact that he did not file nor sign the “loyalty oath” required by the above quoted provisions of LSA-R.S. 14:379.
Respondents’ exception was directed to the proposition that LSA-R.S. 14:379 has no application to an elected official, but deals only with candidates for office and provides certain specified penalties with respect to the qualification of candidates who do not comply with the provisions of the statute.
Section 379 of Title 14 of the LSA-Revised Statutes is a portion of Act 623 of 1954 denominated and known as the “Subversive Activities Act”, which act is incorporated in the LSA-Revised Statutes under Title 14, Sections 366 to 380, inclusive.
*188 LSA-R.S. 14:379, which is the asserted basis for relators’ action, in its entirety reads as follows, to-wit:
“¿No person shall become a candidate nor shall be certified by any political party as a candidate for election to any public office created by the constitution or laws of this state unless such candidate of certification by the political party shall have attached to the qualifying papers, the nominating petition or nominating papers filed with the appropriate party committee of this state or the Secretary of State, whichever the case may be, a sworn affidavit that the caAididate is not and never has been a subversive person as defined in R.S. 14:366. No qualification of candidates, nominating petition or nominating papers for such office shall be received for filing by the official aforesaid unless the same shall be accompanied by the affidavit aforesaid and there shall not be entered upon any ballot or voting machine at any election the name of any person who has failed or refused to make the affidavit as required above. Acts 1954, No. 623, § 14.” (Emphasis supplied.)
It is obvious that the above quoted section relates only to candidates for public office. Inasmuch as relators allege that Howard, against whom, in the final analysis, their action is directed, is holding and exercising office as the elected Mayor of the City of Monroe, it is obvious that the provisions of Section 379, supra, would not apply. Under this circumstance it follows that relators have not stated any cause for the action they seek to have instituted by the District Attorney.
Careful reading of the entire content of Act 623 of 1954 (LSA-R.S. 14:-366-380, inclusive) discloses that it does not authorize any action for the removal of an elected official. Since the named Mayor of Monroe was elected and holding office at the time of the institution of this action, the issue as to whether or not he complied with the provisions of the act affecting candidates for office is moot and not subject to judicial determination.
It should be observed that relators, through brief and argument of counsel in this case, have studiously and repeatedly denied any implication that they attack the honesty, integrity, good faith or loyalty of the official whose removal is sought.
It appears relators contend that the respondent District Attorney has no discretion as to the bringing of the action of ouster when proper application has been made by qualified voters. In other words, relators urge that they have made proper application to the District Attorney to institute ouster proceedings, and, as a result, the District Attorney has no recourse save to institute the proceeding in accordance with the application. We can find no authority in law or reason for this proposition. The statute specifically provides (LSA-R.S. 14:371) that its administration shall be the duty and responsibility of the Attorney General who
“shall investigate and prosecute subversive activities and it shall be his responsibility to assemble, arrange and deliver to the district attorney of any parish * * * all information and evidence of matter within said parish which have come to his attention, relating in any manner to the acts prohibited by [LSA-] R.S. 14 :- 366-14:380 * * *”
It follows that the District Attorney has no primary responsibility with reference to the enforcement of the statute save by direction of the Attorney General.
We find no support for the proposition that a public official is compelled to undertake a proceeding which would be futile, useless and unavailing. The ques *189 tion presented through these proceedings no longer addresses itself solely to the discretion of such official inasmuch as it has now been subjected to judicial determination.
Since, in our opinion, this matter is conclusively disposed in response to the exception of no cause and no right of action, we deem it unnecessary to prolong this opinion by a consideration of the other pleas interposed by respondent, notwithstanding they have been re-urged before this court.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.